IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1094-06





 

THE STATE OF TEXAS



v.



CRAIG HILL JOHNSON, Appellee





ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


GILLESPIE COUNTY





 Johnson, J., filed a concurring opinion.


C O N C U R R I N G O P I N I O N 



 I concur in the judgment of the Court and join Judge Cochran's concurring opinion. This is,
as Judge Cochran notes, an uncommonly bad law. Because license plates frequently contribute to
the investigation and resolution of crime, there is a legitimate basis for regulation of them, but not
every regulation can be justified. The law requires that license plates be kept clean enough to read (1)
and must be illuminated at night (2) because police rely on them to help establish the identity of the
owner and to trace a car when its driver eludes detention. The legislature may properly bar the use
of license-plate frames because that would ensure that the number and the issuing jurisdiction, not
to mention the "doo-dads," would then be fully visible. A law requiring that the license-plate
number and the name of the issuing jurisdiction be unobstructed would be sufficient for the purpose
of law enforcement. Being able to view "another original design feature of the plate" neither assists
in identifying the vehicle nor advances the interest of the state in being able to do so. It could be
argued that regulation of the display of a license plate based on that portion of the statute cannot be
justified, and a stop only on the basis that the peace officer was unable to read the state motto might
be on shaky ground.

 In this case, the plate number was clearly visible, but half of "Texas" was obscured. The
name of the issuing jurisdiction is critical to appropriate police needs and mandating a clear view
of it is easily justified. On the facts of this case, I concur.


Delivered: February 14, 2007

Publish
1. Tex. Transp. Code § 502.409(a)(5), (6).
2. Tex. Transp. Code § 547.322(f), (g).